## CAMPBELL v. WARD.

*(Circuit Court, D. New Jersey. May 26, 1882.)*

PATENTS FOR INVENTIONS—INVOKING EQUITABLE RELIEF.

Where the bill upon its face shows that the patents alleged to have been infringed had expired when suit was commenced, and it is in the usual form, and simply prays for an injunction, and for an account for profits and damages, and there is no allegation of special grounds for equitable relief, it will be dismissed.

*Root* v. *L. S. & M. S. Ry. Co.* 21 O. G. 1112; S C. 11 FED. REP. 349, note.

On Demurrer to Bill, etc.

*Marcus P. Norton*, for complainant.

*A. Q. Keasbey*, U. S. Atty., for defendant.

NIXON, D. J. This is a suit in equity, brought by the complainant against William Ward, postmaster of the city of Newark, for the alleged infringement of certain reissues of two letters patent,—one numbered 38,175 and dated April 14, 1863, and the other numbered 37,175 and dated December 16, 1862, and severally issued to Marcus P. Norton, under whom the complainant holds by mesne assignments. The bill of complaint was filed on the first of November, 1880, several months after the two patents had expired on which the reissues were made. A demurrer was filed to the bill, and several grounds

for the demurrer assigned. The fourth reason was that at the time of filing of the bill of complaint both of the letters patent on which the suit was founded had expired, and that the court, sitting in equity, had no jurisdiction to maintain a suit for infringement, the complainant having a complete and adequate remedy at law.

It has recently been held by the supreme court, in the case of *Root* v. *L. S. & M. S. Ry. Co.* 21 O. G. 1112, "that a bill in equity for a naked account of profits and damages against an infringer of a patent cannot be sustained; that such relief, ordinarily, is incidental to some other equity, the right to enforce which secures to the patentee his standing in court; that the most general ground for equitable interposition is to insure to the patentee the enjoyment of his specific right by injunction against the continuance of the infringement; but that grounds of equitable relief may arise other than by way of injunction, as where the title of the complainant is equitable merely, or equitable interposition is necessary on account of the impediments, which prevent a resort to remedies purely legal; and such an equity may arise out of, and inhere in, the nature of the account itself, springing from special and peculiar circumstances, which disable the patentee from a recovery at law altogether, or render his remedy in a legal tribunal difficult, inadequate, and incomplete; and as such cases cannot be defined more exactly, each must rest upon its own peculiar circumstances, as furnishing a clear and satisfactory ground of exception from the general rule."

I have looked through the bill in vain to find any allegations of special grounds for equitable relief. It is in the usual form, and simply prays for an injunction, and for an account for profits and damages. The prayer for an injunction is nugatory, as the bill shows upon its face that the patents which are alleged to have been infringed had expired when the suit was commenced.

The case falls within the principle announced in *Root* v. *Ry. Co. supra.*

The demurrer must be sustained and the bill dismissed, with costs.